**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Rene Cardoso, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:16-cv-1058-PMD |
| vs. ) | |
| ) | **COMPLAINT** |
| Holder Construction Company, Holder ) | **(Jury Trial Demanded)** |
| Construction Group, LLC, Mitchell ) | **(Negligence)** |
| Mechanical Heating & Air Conditioning, Inc., ) | |
| and Evans Sheet Metal, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rene Cardoso alleges:

1. Plaintiff Rene Cardoso ("Plaintiff") resides in Mecklenburg County, North Carolina, and was performing work in Charleston County, South Carolina at the time of the incident giving rise to this lawsuit.

2. Defendant Holder Construction Company ("Holder Company"), upon information and belief, is a Georgia corporation doing business in Charleston County, South Carolina.

3. Defendant Holder Construction Group, LLC ("Holder Group), upon information and belief, is a Georgia corporation doing business in Charleston County, South Carolina.

4. Defendant Mitchell Mechanical Heating & Air Conditioning, Inc. ("Mitchell"), upon information and belief, is a Georgia corporation doing business in Charleston County, South Carolina.

5. Defendant Evans Sheet Metal, LLC ("Evans"), upon information and belief, is a South Carolina corporation organized and existing in South Carolina and doing business in Charleston County, South Carolina.

6. Plaintiff's injuries occurred in Charleston County, South Carolina.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the cause of action occurred in South Carolina, and 28 U.S.C. § 1391(c)(2) because Defendants are subject to personal jurisdiction in the District of South Carolina.

9. On July 16, 2013, Plaintiff, an electrician, was employed by Hart Land Resources, LLC and reported to 50 George Street in Charleston, South Carolina where the Campus Center Apartments were under construction.

10. Plaintiff entered the Campus Center Apartments premises as an invitee and was wearing a safety hard hat and exercising due care at all times.

11. Plaintiff was present at the construction site to perform work that was controlled, constructed, assembled, maintained, and supervised by Defendants.

12. Defendant Holder Company and/or Holder Group and Defendant Mitchell were contractors charged with duties of general supervision and code compliant construction as well as hiring and supervising subcontractors.

13. Defendant Holder Company and/or Holder Group was charged with the duties and responsibilities of supervision and code compliant construction of the Campus Center Apartments, including constructing and installing the HVAC system, and was charged with the duties and responsibilities of hiring and supervising any subcontractors it engaged to perform work on the complex.

14. Upon information and belief, Defendant Holder Construction Company and/or Holder Group hired and paid Defendant Mitchell to provide labor and employees to construct and install the HVAC system at the Campus Center Apartments.

15. Defendant Mitchell was charged with the duties and responsibilities of supervision and code compliant construction and installation of the HVAC system at the Campus Center Apartments and was charged with the duties and responsibilities of hiring and supervising any subcontractors it engaged to assist in performing its work at the complex.

16. Upon information and belief, Defendant Mitchell hired and paid Defendant Evans to provide labor and employees to assist with the installation of HVAC equipment at the Campus Center Apartments.

17. Defendant Evans was charged with the duties and responsibilities of supervision and code compliant construction and installation of the HVAC equipment at the Campus Center Apartments.

18. Defendants owed a duty to properly install and secure HVAC equipment in compliance with the applicable building codes and in a manner that would be safe and not present a danger or hazard to invitees or other workers at the Campus Center Apartments construction site.

19. Plaintiff entered the elevator lobby at the Campus Center Apartments so he could proceed to the appropriate floor and begin his work. Suddenly and without any warning, Defendants and their crews failed to secure a 200-300 pound HVAC unit they were attempting to install and dropped it 8-10 feet onto Plaintiff's head.

20. As a result, Plaintiff suffered traumatic and permanent injuries.

21. The negligent acts and damages, herein described, were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless, and grossly negligent acts

and/or omissions of Defendants, jointly and severally, who created a dangerous condition on the premises, in the following particulars:

    a. Failing to secure and install the overhead HVAC unit in a safe manner;

    b. Failing to have the appropriate tools, equipment, and materials necessary to secure and install the overhead HVAC unit in a safe manner;

    c. Failing to properly train and supervise those involved in the attempted installation of the overhead HVAC unit;

    d. Failing to maintain the premises in a safe and non-hazardous condition, which resulted in a dangerous and hazardous condition;

    e. Failing to warn of any potential dangers associated with the installation of the overhead HVAC unit;

    f. Disregarding and violating the applicable building codes, safety rules and laws of OSHA, the United States, and State of South Carolina;

    g. Failing to use that degree of care and caution which a reasonable company would have used under the circumstances then and there prevailing; and

    h. Such other and further particulars as may be revealed during the discovery phase and trial of this matter.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed in this lawsuit.

22. That as a direct and proximate cause of the acts and omissions, or both, of the Defendants, Plaintiff was injured and suffered great and permanent physical harm which has caused and in the future will cause him to suffer one or more of the following elements of damage:

    a. Physical and mental anguish, pain and suffering;

    b. Loss of income;

    c. Loss of enjoyment of life;

    d. Substantial expenses for medical services;

    e. Expenses for transportation to and from medical services;

4

    f. Future medical expenses;

    g. Permanent injury to his body; and

    h. Incidental expenses related to his injuries.

23. That due to the reckless, willful, and wanton conduct of the Defendants, Plaintiff is entitled to actual and punitive damages in such amount as to be determined by a jury.

WHEREFORE, Plaintiff is entitled to judgment against Defendants, jointly and severally, and Plaintiff prays that the Court enter judgment against Defendants for Plaintiff's actual and punitive damages, in an amount to be determined by the jury, for his reasonable costs for this action, and for such other and further relief as this Court may deem just and proper.

             **YARBOROUGH APPLEGATE LLC**

             s/ William E. Applegate IV
             William E. Applegate IV, Federal ID 9261
             william@yarboroughapplegate.com
             David B. Lail, Federal ID 11228
             dlail@yarboroughapplegate.com
             291 East Bay Street, Floor 2
             Charleston, SC 29401
             (843) 972-0150 office
             (843) 277-6691 fax

             *ATTORNEYS FOR PLAINTIFF*

April 5, 2016
Charleston, South Carolina