# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rene Cardoso, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-1058-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Holder Construction Company, Holder ) | |
| Construction Group, LLC, Mitchell ) | |
| Mechanical, LLC, and Evans Sheet ) | |
| Metal, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff's second and third motions to compel (ECF Nos. 36 & 38). For the reasons set forth herein, both motions are denied.

## BACKGROUND/PROCEDURAL HISTORY

This action arises out an accident that occurred on a construction site. While workmen were installing an overhead HVAC unit using an aerial lift, the HVAC unit fell and struck Plaintiff in the head. Plaintiff filed his motions on January 11 and February 1, 2017. Defendants[1] responded on January 25 and February 15. Plaintiff filed a reply as to his second motion to compel on February 1. Accordingly, these matters are now ripe for consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues as stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

1. Plaintiff's motions to compel do not seek responses from Defendant Evans Sheet Metal, LLC. Thus, for purposes of this motion, "Defendants" does not include Evans Sheet Metal.

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). If a party fails to produce a requested document, the requesting party may move for an order compelling production. *Id.* R. 37(a)(3)(B). "The party opposing a motion to compel bears the burden of showing why it should not be granted." *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

## DISCUSSION

The Court addresses Plaintiff's motions to compel in the order in which they were filed. In his second motion to compel, Plaintiff asks the Court to compel Defendants to respond to certain interrogatories and requests for production. After Defendants responded, Plaintiff acknowledged in his reply that the only remaining issue was whether Defendants should be compelled to respond to Plaintiff's eighth interrogatory. Defendants object to that request for two reasons. First, they contend that Plaintiff's motion to compel was untimely. Second, they argue that Plaintiff's interrogatory is overly broad and sought irrelevant material that was not reasonably calculated to lead to the discovery of admissible evidence.

Defendants correctly note that Local Civil Rule 37.01(A) requires a party to file a motion to compel within twenty-one days after receipt of the discovery response to which the motion to compel is directed. Plaintiff concedes that his motion was untimely, but argues that he has offered a reasonable explanation for his motion's tardiness as contemplated by this Court in *CresCom Bank v. Terry*, No. 2:12-cv-63-PMD, 2013 WL 3946222, at *1–2 (D.S.C. July 31, 2013). In order to evaluate whether Plaintiff has offered a reasonable explanation, some additional procedural history is required.

2

Plaintiff served his first set of interrogatories and requests for production on August 22, 2016. Because Defendants had not responded to Plaintiff's interrogatories or requests for production, Plaintiff filed his first motion to compel their responses on October 12, 2016. Defendants then responded to Plaintiff's motion, sending their responses by U.S. mail on October 31. Defendants' responses mooted Plaintiff's first motion to compel, and the Court issued a Text Order to that effect on November 22. Then, on December 1, Plaintiff sent Defendants an e-mail outlining alleged deficiencies in their responses. Plaintiff's e-mail states "I would appreciate you taking this opportunity to supplement your responses to the below-referenced discovery requests to avoid a second Motion to Compel. Within five (5) days of the date of this letter, please revise and supplement your responses." (Pl.'s Second Mot. Compel, Ex. B, E-mail, ECF No. 36-2, at 1.) Plaintiff alleges that Defendants never responded to that e-mail, and Plaintiff ultimately did not file his second motion to compel until January 11.

Unlike the defendant in *Terry*, Plaintiff has not offered a reasonable explanation for his delay. In *Terry*, the motion to compel concerned a much more extensive production, and the documents at issue were redacted but not included on a privilege log. 2013 WL 3946222, at *1. As a result, the defendant's explanation of its failure to discover the redacted, but non-privileged, documents for several months was acceptable. *Id*. at *2. Here, Plaintiff's twenty-one day filing timeline started from the date he received Defendants' responses. Thus, the clock started ticking in early November. It appears that Plaintiff was aware of the timeliness requirements for a motion to compel based on the five-day deadline mentioned in Plaintiff's counsel's December 1 e-mail. In fact, Plaintiff had already identified the issues raised in his motion to compel by the time he sent that e-mail. Nevertheless, Plaintiff did not file his motion until January 11. The Court's November 22 Text Order and the Defendants' failure to respond to Plaintiff's e-mail are

not a reasonable explanation for Plaintiff's failure to timely file his motion to compel. Accordingly, Plaintiff's second motion to compel is denied.

Plaintiff's timely third motion to compel raises a different issue. Plaintiff's second set of interrogatories and requests for production ask Defendants for financial information and documents. Defendants object on the grounds that they are sufficiently covered by insurance to satisfy any judgment in this case and that any disclosure related to punitive damages is premature at this time. The Court agrees. In his January 25 e-mail, Plaintiff specifically references punitive damages as the reason for requesting Defendants' financial information. Although Defendants' financial information may become relevant if Plaintiff makes a prima facie claim for punitive damages, this case has not reached that threshold at this time. *See Nix v. Holbrook*, No. 5:13-cv-2173-JMC, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015) (declining to consider compelling production of financial records until either plaintiff's punitive-damages claim survived a summary judgment motion or defense declined to file such a motion). Accordingly, Plaintiff's third motion to compel is denied without prejudice.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Plaintiff's second motion to compel (ECF No. 36) is **DENIED**, and Plaintiff's third motion to compel (ECF No. 38) is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 14, 2017**
**Charleston, South Carolina**

4