March 15, 2017

**S·E·A**

7001 Buffalo Parkway
Columbus, OH 43229
614.888.4160 • 800.782.6851
Fax 614.885.8014
www.SEAlimited.com

Nicholas A. Farr, Esq.
Gallivan, White & Boyd, PA
55 Beattie Place, Suite 1200
Greenville, South Carolina 29601

Re:  **Preliminary Safety Evaluation**
*Rene Cardoso v. Holder Construction Company, et al.*
Date of Loss:  July 16, 2013
Loss Location:  Campus Center Apartments
50 George Street
Charleston, South Carolina 29401
**Civil No. 2:16-cv-1058-PMD**
**S-E-A Matter No. 01.075764**

Dear Mr. Farr:

SEA, Ltd. (S-E-A) was contacted regarding the above-referenced case and was requested to conduct a file review of materials provided by Gallivan, White & Boyd, PA, and to form opinions, if possible, as to the responsibilities associated with the July 16, 2013, incident involving Mr. Rene Cardoso. The investigation was assigned to the direction of S-E-A Occupational Health and Safety Consultant Jason E. Henthorn as S-E-A Matter No. 01.075764.

**S-E-A reviewed the following file materials provided by Gallivan, White & Boyd, PA, pertinent to the above-referenced matter:**

- In the United States District Court for the District of South Carolina, Charleston Division, Case No. 2:16-cv-1058-PMD, Rene Cardoso v. Holder Construction Company; Holder Construction Group, LLC; Mitchell Mechanical Heating & Air Conditioning, Inc.; and Evans Sheet Metal, LLC, Complaint, dated April 5, 2016.

- Amended Complaint, dated April 26, 2016.

- Amended Answer of Defendants Holder Construction Company and Holder Construction Group, LLC to Plaintiff's Amended Complaint, dated June 9, 2016.

- Amended Answer of Defendant Mitchell Mechanical, LLC to Plaintiff's Amended Complaint, dated June 9, 2016.

- Report authored by Stephanie Whetsel Borzendowski, Ph.D., and Alan O. Campbell, P.E., Applied Building Sciences, Inc., dated February 15, 2017.

- Miscellaneous Holder Construction Company/Holder Construction Group, LLC discovery documents.

- Miscellaneous Mitchell Mechanical Heating & Air Conditioning, Inc. discovery documents.

**S·E·A**™

Nicholas A. Farr, Esq.
March 15, 2017
Page 2

**In addition, S-E-A reviewed the following materials:**

- U.S. Department of Labor, Occupational Safety & Health Administration (OSHA) Standard 29 Codes of Federal Regulations (CFR) 1926, *Safety and Health Regulations for the Construction Industry*, Subpart A, *General*.
- 29 CFR 1926, Subpart B, *General Interpretations*.
- 29 CFR 1926, Subpart C, *General Safety and Health Provisions*.
- 29 CFR 1926, Subpart D, *Occupational Health and Safety Provisions*.
- 29 CFR 1926, Subpart E, *Personal Protective and Life Saving Equipment*.
- 29 CFR 1926, Subpart L, *Scaffolds*.
- 29 CFR 1926, Subpart T, *Demolition*.
- 29 CFR 1926.16, *Rules of Construction*.
- 29 CFR 1910, *Occupational Safety and Health Standards*, Subpart B, *Adoption and Extension of Federally Adopted Standards*.
- 29 CFR 1910, Subpart D, *Walking-Working Surfaces*.
- 29 CFR 1910, Subpart I, *Personal Protective Equipment*.
- Various South Carolina Department of Labor, Licensing, and Regulation documents including South Carolina OSHA and South Carolina Code of Law.
- AIHA 4-2005, *Health and Safety Requirements in Construction Contract Documents*, American Industrial Hygiene Association (AIHA), Fairfax, VA, 2005.
- *Advisory Committee on Construction Safety and Health Multi-Employer Citation Policy*, OSHA, Washington, DC, 1999.
- Standard Interpretations, *Clarification of Controlling Contractor Duties Under the Steel Erection Standard*, OSHA, Washington, DC, 2002.
- Standard Interpretations, *Fall Protection Requirements of Various Construction Standards*, OSHA, Washington, DC, 2001.
- Standard Interpretations, *Determining the Controlling Employer with the Role of Providing General Supervisory Authority When Using Multi-Employer Two-Step Analysis Citation Policy*, OSHA, Washington, DC, 2001.
- Standard Interpretations, *Duty of a Subcontractor to Cover Floor Holes in a Multi-Employer Work Site*, OSHA, Washington, DC, 2004.
- Directives CPL 02-00-124, *Multi-Employer Citation Policy*, OSHA, Washington, DC, 1999.
- OSHA 3071, *Job Hazard Analysis*, OSHA, Washington, DC, 2002.
- OSHA 2254, *Training Requirements in OSHA Standards and Training Guidelines*, OSHA, Washington, DC, 1998.

S·E·A™

Nicholas A. Farr, Esq.
March 15, 2017
Page 3

- OSHA 2254, *Training Requirements in OSHA Standards and Training Guidelines*, OSHA, Washington, DC, 1998.
- ANSI/AIHA Z10-2005, *Occupational Health and Safety Management Systems*, AIHA, Fairfax, VA, 2005.
- ANSI/ASSE A10.39-1996 (R2005), *American National Standard for Construction and Demolition Operations Construction Safety and Health Audit Program*, American Society of Safety Engineers (ASSE), Des Plaines, IL, 2005.
- ANSI/ASSE A10.38-2000 (R2007), *Basic Elements of an Employer's Program to Provide a Safe and Healthful Work Environment*, ASSE, Des Plaines, IL, 2007.
- ANSI/ASSE A10.33-2011, *Safety and Health Program Requirements for Multi-Employer Projects*, ASSE, Des Plaines, IL, 2011.
- ANSI A92.6-2006, *American National Standard for Self Propelled Elevating Work Platforms*.
- Association of Equipment Manufacturers Safety Manual for Operating and Maintenance of Personnel-Aerial Lifts.
- Dennis Burkes, "Reviewing and Reexamining OSHA's Multi-Employer Citation Policy," *Professional Safety*, August 2012, pp. 50-56.
- Thomas D. Schneid, *Corporate Safety Compliance, OSHA, Ethics, and the Law*, Taylor and Francis Group, LLC, Boca Raton, FL, 2008.
- *International Building Code®*, International Code Council, Inc., Country Club Hills, IL, 2006.
- Various OSHA and Industrial Standards and Guidelines.

## DESCRIPTION OF INCIDENT AND DISCUSSION

From the review of the aforementioned materials, Holder Construction (Holder) entered into an agreement as the general contractor for the construction of an apartment, fitness, and retail complex. A number of trade contractors, architects, and engineers were involved in the project at 50 George Street, in Charleston, South Carolina.

In addition, Holder entered into an agreement with Mitchell Mechanical (Mitchell) for the provision of their trade, Heating and Air Conditioning. Mitchell further entered into an agreement with Evans Sheet Metal, LLC (Evans) for the provision of their trade, including duct systems and air side equipment and devices.

Holder also entered into an agreement with PowerWorks Electric (PowerWorks). PowerWorks provision of electrical contracting services involved temporary employees provided to PowerWorks by Hart Land Resources, LLC (Hart Land).



Nicholas A. Farr, Esq.
March 15, 2017
Page 4

On July 16, 2013, with construction of the Campus Center Apartments well underway, Mr. Rene Cardoso reported to the construction site, at the direction of Hart Land.

It has been reported to S-E-A, that a number of depositions have recently taken place, related to this matter. S-E-A will review these transcripts once they are provided. It is S-E-A's understanding that testimony indicates that Mr. Cordoso possesses a number of years of construction experience. It is further S-E-A's understanding that as Mitchell's employees attempted to install an earthquake strap upon the heating, ventilation, and air-conditioning (HVAC) unit, the unit fell striking the manlift Mitchell was utilizing and then tumbling from the manlift. S-E-A also understands that the HVAC unit had been installed prior to July 16, 2013, and that Mitchell had placed yellow tape in the area of their work.

From review of the aforementioned materials, Messrs. Cardoso and Jose Maldonado, both employed by Hart Land and assigned to PowerWorks, were waiting in the lobby area, as they were reporting to work for the first time. PowerWorks Superintendent, Mr. Chris Shaw, indicated that Messrs. Cardoso and Maldonado had called him in regards to them starting work at the site. The HVAC unit was reportedly supported by allthread/unistrut assemblies and isolation hangers, on the underside of the second floor, flooring system. The unit reportedly fell from its supports, as Mitchell was installing the straps. The unit struck the manlift, then tumbled down, and struck Messrs. Cardoso and Maldonado. Both men were taken to hospitals. Mr. Maldonado was reportedly transported by Mr. Shaw to the hospital and then released the same day and returned to work on July 18, 2013. Mr. Cardoso reportedly sustained more significant injuries. Emergency services were reportedly called at 8:16 a.m., and an ambulance provided transport for Mr. Cardoso. Mr. Cardoso was reported to have been wearing a hard hat at the time of the incident.

Both Mitchell and Holder have demonstrated possession of construction site safety and health policies and/or procedures, at the time of and prior to July 16, 2013. Further it has been indicated that Mr. Cardoso was awaiting his orientation to the site.

### DISCUSSION OF INDUSTRIAL STANDARDS AND REFERENCES

The Occupational Safety and Health Act (OSH Act) of 1970 requires each "employer" to furnish to each of his "employees" a place of employment, that is free of recognized hazards that are likely to cause death or serious physical harm. Furthermore, the OSH Act requires that each employee comply with occupational safety and health standards, rules, and regulations.

Employers must assess their workplace in order to determine if hazards are, or likely to be present. Employees must be properly trained regarding the hazards their jobs may require them to interact with. Employers and its employees are required to determine which means and methods they intend to utilize to perform their work, and further apply the appropriate engineering controls, administrative controls, and/or the use of personal protective equipment.



Nicholas A. Farr, Esq.
March 15, 2017
Page 5

On a construction site, a general contractor is not responsible for every accident. In order to decide responsibility of multi-employer construction sites, one must perform an analysis consistent with the OSHA Multi-Employer Citation Policy.

Could one employer on a "multi-employer worksite" be responsible for violations committed by another employer? This is one of the most vexing issues dealt with under the OSH Act. OSHA Directive CPL 02-00-124, *Multi-Employer Citation Policy*, was created to clarify the Agency's Multi-Employer Citation Policy. On multi-employer worksites, throughout all industry sectors, more than one employer may be responsible for a hazardous condition that violates OSHA standards. To determine whether one or more employers may be responsible, a two-step process must be followed. First, one must determine the role of the employer. Was the employer classified as a "controlling, creating, exposing, or correcting" employer? Only Exposing employers are responsible for violations of the General Duty Clause. Second, one must determine if the employers' actions were sufficient to meet their obligations with respect to the OSHA requirements. The extent of the actions of an employer varies based upon their category of classification. OSHA recognizes that the extent of the measures that a controlling employer must exercise its duty of reasonable care to prevent and detect violations is less than what is required of an employer with respect to protecting their own employees.

The hierarchy of liability for providing a safe place of employment, on a multi-employer worksite greatly depends on which classification, or combination of classifications, of employer each entity falls within:

1. The "creating employer" is the employer that created the hazardous condition that is in violation of an OSHA standard. A creating employer can be held responsible in various situations, even if the only employees exposed to the hazard are those of other employers.
2. The "exposing employer" is one whose own employees are exposed to the hazard.
3. The "correcting employer" is one that has the authority, responsibility, and expertise to correct a hazard.
4. The "controlling employer" is one who has "general supervisory authority" over the worksite.

**SUMMARY**

Based upon the review of the relevant materials, it is the opinion of S-E-A, within a reasonable degree of professional certainty, that:

- **Hart Land, as the creating and exposing employer, as well as Mr. Cordoso, were responsible for his safety upon the site, as he was an experienced construction worker and an employee of Hart Land at the time of the July 16, 2013, incident.**
- **Although the fall of the HVAC unit which struck Mr. Cordoso was unexpected to him and Mitchell employees, Mr. Cordoso placed himself in a location of increased risk, near an elevated manlift from which overhead work was being performed.**



Nicholas A. Farr, Esq.
March 15, 2017
Page 6

> Mr. Cordoso's postion in the vicinity of the manlift being utilized by Mitchell was the primary cause of Mr. Cordoso's July 16, 2013, incident.

- **Due to the nature of the work being performed by the Mitchell employees, the struck-by hazards were both obvious and apparent to Mr. Cardoso. These struck-by hazards may have included falling tools, materials, and the operation of the manlift.**

- **In regard to Mr. Cordoso's July 16, 2013, incident, Holder would not be classified as the creating, exposing, or the correcting employer and, therefore, Holder was not responsible for Mr. Cordoso's incident on July 16, 2013.**

- **In regard to Mr. Cordoso's July 16, 2013, incident, Mitchell would not be classified as the controlling or exposing employer.**

- **In regard to the construction activities, Holder, as a controlling employer, met their duty and responsibilities for the overall construction general safety.**

- **Holder was responsible for and demonstrated their responsibility for the general construction safety upon the site where Mr. Cordoso, a Hart Land employee, was injured on July 16, 2013. Holder neither demonstrated nor possessed control over details, means, or methods utilized by Hart Land, PowerWorks, Mitchell, and their employees, including Mr. Cordoso.**

- **Consistent with industrial standards, references, and guidelines, Holder and Mitchell possessed policies and/or procedures, as well as demonstrated their responsibility and dedication to workplace safety prior to July 16, 2013.**

S-E-A hereby certifies the opinions and conclusions expressed herein have been formulated within a reasonable degree of professional certainty. They are based upon the application of reliable principles and scientific methodologies to all of the facts known by S-E-A when this report was issued, as well as knowledge, skill, experience, training, and/or education. Should additional information be discovered, S-E-A reserves the right to appropriately amend or augment these findings.

This concludes S-E-A's investigation into this matter. Should you have any additional questions, please do not hesitate to contact our office at your earliest convenience.

Report Prepared By:

Jason E. Henthorn
Occupational Health and
 Safety Consultant

Report Reviewed By:

Charles A. Guinther Jr., CSP
Environmental Safety and
 Health Consultant
Certified Safety Professional
Serial No. 19527

JEH:an



7001 Buffalo Parkway
Columbus, Ohio 43229
614.888.4160 • 800.782.6851
Fax 614.885.8014
www.SEAlimited.com

# Jason E. Henthorn
jahenthorn@SEAlimited.com

## Education

*Ohio University*  *Athens, Ohio*
Bachelor of Science
Industrial Hygiene
June 1994

## Experience

**Occupational Health and Safety Consultant**  **2002 to Present**
*SEA, Ltd.*  *Columbus, Ohio*
Responsible for providing consultation and litigation support for matters involving workplace accidents and/or illness (industry, construction, mining, maritime, etc.). Consultation and support on such matters may further include analysis of contractual and/or industry responsibilities as they relate to workplace safety and multi-employer locations.

**Safety Coordinator**  **1994 to 2002**
*ORMET Primary Aluminum Corp.*  *Hannibal, Ohio*
As an Industrial Hygienist and Safety Coordinator, various safety and health programs were implemented, managed, and audited. The management of such programs also included the investigation of accidents and near misses. Areas of management and investigation included: lockout/tagout, confined space, process safety management (PSM), fall protection, mobile equipment, powered industrial trucks, cranes and rigging, machinery and guarding, welding and cutting, scaffolding, excavations, electrical, etc.

Other programs that involved management and investigative activities were: heat stress, hazard communication, respiratory protection, hearing conservation, ventilation, hazardous materials, personal protective equipment, etc.

Exposure evaluations were conducted and controls were implemented for a variety of industrial and environmental stressors (asbestos, lead, silica, hydrogen fluoride, sulfur, dioxide, chlorine, noise, heat, EMF, mercury, etc.).

Issues between ORMET Corporation, the Occupational Safety & Health Administration (OSHA), and the Mine Safety & Health Administration (MSHA) were managed.

Multi-employer general industry and construction sites were managed within the various facilities. This included the management of issues between the owners, general contractors, subcontractors, and other controlling entities.

Assisted with the management of the safety and health of employees and contractors at marine terminals, ranging from barges to ships, and trucks to rail. Safety and health issues included the operation of the terminals, cargo handling, maintenance activity, accident investigation, etc.

Assisted the Security Department with plant security, fire protection, fire brigade training, confined-space rescue, and emergency response.

## Certifications

Certified Indoor Environmentalist (CIE), Indoor Air Quality Association, Inc., Renewal Certification received biannually between 2003 and 2009, Certification No. CIE 01594

Certified Asbestos Hazard Evaluation Specialist, State of Ohio, Renewal Certification received annually between 2002 and 2006, ID No. 33909

Certificate of Completion, Asbestos Building Inspector Initial Training Course, Training Services International, Renewal Certification received annually between 2002 and 2006

Certificate of Completion, Asbestos Management Planner Initial Training Course, Training Services International; Renewal Certification received annually between 2002 and 2006

Certificate of Completion, OSHA 40-Hour Health and Safety training course in Hazardous Waste Operations, SafeX, Inc., September 2002, Westerville, Ohio

Certificate of Completion, OSHA 8-Hour Health and Safety for Hazardous Waste Operations, Renewal Certification received annually between 2003 and 2010

## Publications

"Fracking - Safety and Environmental Concerns," Henthorn, Jason E., Guinther, Charles A., *USLaw*, Fall/Winter 2013

"Fracking - Safety and Environmental Concerns," Henthorn, Jason E., Guinther, Charles A., *Defense Trial Counsel of West Virginia*, Winter 2015

## Professional Affiliations

American Industrial Hygiene Association (AIHA)
Indoor Air Quality Association (IAQA)
American Indoor Air Quality Council (AIAQC)

## Seminars and Additional Education

- 2003 – First Aid in the Workplace, North Coast Polytechnic Institute, Grafton, Ohio
- 2008 – Inexperienced Coal Miner, 40-Hour Training Program, Training Plus, Powhatan Point, Ohio
- 2008 – National Workers' Compensation Review, Orlando, Florida
- 2009 – Chinese Drywall Insurance Coverage Teleconference
- 2009 – Chinese Drywall Litigation Teleconference

Professional Resume
Jason E. Henthorn (9/2016)                                                                                                  Page 3

- 2011 – Mine Safety & Health Administration (MSHA), 80-Hour Training, Miners Training Service, LLC
- 2011 – Spring Conference & PDC, American Industrial Hygiene Association, Stuart, Florida
- 2013 – AIA Contracts: The Owner-General Contractor Agreement, Columbus, Ohio

## Courses Taught/Presentations

- "Multi-Employer Workplaces & Associated Liabilities," Spring 2011 AIHA Conference, Stuart, Florida, April 2011
- "Safety, Health, and Environmental Network," ALCS Center for Research and Technology, Richmond, Virginia, May 2011
- "Workplace Investigations," Altria Group, Richmond, Virginia, May 2011
- "Fracking: Oil and Gas Extraction," American Chemical Society, Columbus, Ohio, December 2013
- "SEA, Ltd.," CareWorks Consultants, Inc., Cincinnati, Ohio, November 2014
- "Workplace Safety," NiSource, Columbus, Ohio, June 2015
- "From the Expert's Viewpoint: Effective Techniques and Bad Practices of Lawyers," DTCWV Young Lawyers Committee, Bridgeport, West Virginia, September 2016

FEDERAL COURT QUERY
## Jason E. Henthorn
3/1/2013 – Present



| Case Caption | Type | Date | Venue | Court No. |
|---|---|---|---|---|
| Jimmy Johnson, et al. v. Bunge North America, Inc. | Deposition | 5/30/2013 | Circuit Court of New Madrid County, State of Missouri, Division I | 10 NM-CN00302 |
| Gloria Priscilla Anderson, et al. v. Oilind Safety, Inc., et al. | Deposition | 8/21/2013 | Probate Court of Harris County, Texas, Number Three | 400,127-401 |
| Derick D. Kruger v. Delmac Machinery Group, Inc., et al. | Deposition | 4/9/2014 | United States District Court for the Southern District of Illinois, East Saint Louis Division | 12-674-WDS-SCW |
| Jonathan A. Horwitz, et al. v. Motorists Mutual Insurance Company | Deposition | 6/16/2014 | Common Pleas Court of Montgomery County, Ohio Civil Division | 2012-CV-02687 |
| Jonathan A. Horwitz, et al. v. Motorists Mutual Insurance Company | Trial | 7/2/2014 | Common Pleas Court of Montgomery County, Ohio Civil Division | 2012-CV-02687 |
| James Daniel Hughes v. Gilbane Building Company, et al. | Deposition | 7/22/2014 | Common Pleas Court of Franklin County, Ohio Civil Division | 13-CV-004435 |
| Kenneth E. Kilgore v. MTI Acquisitions, LLC | Deposition | 7/23/2014 | Ohio Industrial Commission, Columbus, Ohio | 10-853926 |
| Alliance Hospitality, Inc., et al. v. Ben Rudick & Son, Inc., d/b/a National Fire & Water Repair | Deposition | 9/10/2014 | Common Pleas Court of Stark County, Ohio Civil Division | 0013-CV-03317 |
| Kyle Deitrich v. Ward Sand & Materials Company | Deposition | 10/29/2014 | Superior Court of New Jersey Law Division, Burlington County | BUR-L-213-13 |
| Larry D. Johnson v. Stella-Jones Corporation v. KT&L Timber Company and Clarence Kenny Watkins d/b/a KT&L Timber Company | Deposition | 1/7/2015 | United States District Court for the Western District of Kentucky at Paducah | 5:13-CV-00101-TBR |
| James Bradley Johnson, Jr., et al. v. Whitaker Bank Corporation, et al. | Deposition | 1/13/2015 | Commonwealth of Kentucky, Letcher Circuit Court | 12-CI-126 |
| Matthew D. McIntire v. Martin and Sons, Inc., et al. | Deposition | 2/11/2015 | Porter Superior/Circuit Court, Valparaiso, Indiana | 64D02-0807-CG-6554 |
| Richard Verga v. Building Value, LLC | Deposition | 2/17/2015 | Court of Common Pleas, Hamilton County, Ohio | A1301774 |

0023 eff 6/1/2012

FEDERAL COURT QUERY
## Jason E. Henthorn
3/1/2013 – Present


SEA
Scientific Expert Analysis

| Case Caption | Type | Date | Venue | Court No. |
|---|---|---|---|---|
| Kyle Deitrich v. Ward Sand & Materials Company | Trial | 4/23/2015 | Superior Court of New Jersey Law Division, Burlington County | BUR-L-213-13 |
| Fernando Molinar v. Banes General Contractors, Inc., and Wal-Mart Stores, Inc., d/b/a Wal-Mart Real Estate Business, Trust | Deposition | 5/20/2015 | District Court of El Paso County, Texas, 243rd Judicial District | 2014-DCV-0790 |
| Matthew D. McIntire v. Martin and Sons, Inc., et al. | Trial | 8/12/2015 | Porter Superior/Circuit Court, Valparaiso, Indiana | 64D02-0807-CG-6554 |
| Mark Edelen v. Superior Corporation of Illinois d/b/a Superior Installations Corporation of Illinois | Deposition | 8/19/2015 | Circuit Court of Cook County, Illinois | 12-L-5775 |
| Mark Edelen v. Superior Corporation of Illinois d/b/a Superior Installations Corporation of Illinois | Trial | 8/31/2015 | Circuit Court of Cook County, Illinois | 12-L-5775 |
| Alison Burns-Williams, as Personal Representative of the Estate of Dorine Williams-Burns, deceased v. Sears, Roebuck and Co., Craig Lowe, and Golden Green Builders, LLC | Deposition | 3/8/2016 | Circuit Court of the Second Judicial Circuit in and for Gadsden County, Florida | 2014-CA-1035 |
| Gregory Bell and Althea Bell, v. Union Foundry Co., Duca Manufacturing & Consulting, Inc., and Disa Industries, Inc. | Deposition | 5/19/2016 | In the Circuit Court of Calhoun County, Alabama | CV-2012-900465.00 |
| Gregory Bell and Althea Bell, v. Union Foundry Co., Duca Manufacturing & Consulting, Inc., and Disa Industries, Inc. | Trial | 8/23/2016 | In the Circuit Court of Calhoun County, Alabama | CV-2012-900465.00 |
| Texas Wilson v. Brian Beers, General Crane Rental, LLC, et al. | Deposition | 8/31/2016 | Court of Common Pleas, Summit County, Ohio | CV-2015-08-4221 |
| Ira Collins and Mary Collins, Parents of John Riley Collins, deceased, and Brett Boohler, Administrator of the Estate v. Komatsu America Corp., et al. | Deposition | 9/22/2016 | In the State Court of Fulton County, Georgia | 12-EV-014269D |

**FEDERAL COURT QUERY**
Jason E. Henthorn
3/1/2013 – Present



| Case Caption | Type | Date | Venue | Court No. |
|---|---|---|---|---|
| Michael Simmons v. Alta Equipment Company, Inc., et al. | Deposition | 10/5/2016 | In the Circuit Court of Macomb County, Michigan | 2015-759NO |

0023 eff 6/1/2012

**From:** Noble, Abbey <anoble@sealimited.com>
**Sent:** Wednesday, March 15, 2017 4:45 PM
**To:** Nick Farr
**Cc:** Minnich, Margaret; Henthorn, Jason
**Subject:** RE: Cardoso v. Holder Construction Company, et al.
**Attachments:** Copy of Henthorn Federal Court Query.pdf

Mr. Farr:

Please find Mr. Henthorn's testimony list attached. The 2017 billable rate for Mr. Henthorn is $285 per hour.

Engineering analyses are conducted on a time-and-expense basis. The hourly fee is determined by the individual's education and professional experience. S-E-A does invoice for travel time, scene inspection, follow-up investigation, testing and analysis, documentation and report writing, court preparation, deposition, court testimony, and other.

Thanks,
Abbey



**Abbey R. Noble**
**Administrative Assistant**

800.782.6851 Ext. 1206 Office
614.885.8014 Fax
www.SEAlimited.com

**We moved.**
**Come visit.**
7001 Buffalo Parkway
Columbus, OH 43229