IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Rene Cardoso, | ) | |
| | ) | |
| Plaintiff, | ) | **MITCHELL MECHANICAL, LLC'S** |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| v. | ) | **PLAINTIFF'S EXPERTS JULIE** |
| | ) | **SAWYER-LITTLE AND OLIVER** |
| Mitchell Mechanical, LLC, | ) | **WOOD** |
| | ) | |
| Defendant. | ) | C.A. No. 2:16-cv-1058-PMD |
| _____ | ) | |

This matter is before the Court on the motion of the defendant, Mitchell Mechanical, LLC (hereinafter referred to as "Mitchell") for an order excluding the plaintiff's experts, Julie Sawyer-Little and Oliver Wood's reports and them from testifying at trial. In support of this motion, Mitchell hereby submits this Memorandum in Support of its Motion.

## **LEGAL STANDARD**

Pursuant to Rule 702 of the Federal Rules of Evidence

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, a trial judge serves as a gatekeeper to ensure that any and all expert testimony is not only relevant to the facts of the case, but also rests on a reliable foundation. *Daubert v. Merrell Pharms. Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In *Daubert*, the U.S. Supreme Court listed factors to help

1

evaluate the reliability of scientific expert testimony, which included: (1) whether the particular scientific theory 'can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) the 'known or potential rate of error'; (4) the 'existence and maintenance of standards controlling the technique's operation'; and (5) whether the technique has achieved 'general acceptance' in the relevant scientific or expert community. *United States v. Crisp*. F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*).

Analyzing the applicability of Daubert to experiential expert testimony, the Supreme Court has held that the trial judge's general 'gatekeeping' obligation applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho*, 526 U.S. at 147. The Court further advised that "a trial court may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability." *Id*. As the Fourth Circuit has emphasized regarding any expert opinion, "[a] reliable expert opinion must be based on scientific, technical or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999).

The party offering the expert testimony bears the burden of demonstrating "its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001) (noting that "[w]hile Rule 702 was intended to liberalize the introduction of relevant expert evidence, courts must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading.") (internal citations and quotations omitted).

## ARGUMENT

**I.    Sawyer-Little must be excluded because her opinions are not sufficiently reliable under Rule 702 or *Daubert* and, thus, will not assist the finder of fact.**

Sawyer-Little's opinions do not meet the requirements for admissibility under Rule 702, *Daubert* and its progeny, or Fourth Circuit authority. Specifically, her proffered opinions are not based on sufficient facts or data, are based on her inappropriate conclusions of law and fact, and are rife with speculation. Accordingly, Sawyer-Little should be precluded from offering these opinions at trial.

### A.    Sawyer-Little's Opinions Rely on Incorrect and Unreliable Data

Julie Sawyer-Little is a life care planner who intends to testify regarding the plaintiff's vocational potential and future life care/medical needs. She purports to testify that the plaintiff is unable to maintain competitive employment.[1] An expert's testimony must be based upon facts sufficient to form the basis for an opinion. *Young v. Tide Craft, Inc*., 242 S.E.2d 671, 678 (S.C. 1978); *Berkeley Elec. Co-op, Inc. v. S. Carolina Pub. Serv. Comm'n,* 402 S.E.2d 674, 677 (S.C. 1991). Sawyer-Little relies on the opinions of Dr. Marshall White who performed an independent medical examination of the plaintiff. However, Sawyer-Little ignores the opinions of the plaintiff's treating physicians, Dr. Roy Majors (orthopaedics), and Dr. William Vandergrift (neurosurgery), who opined that the plaintiff could return to work in September 2013 and February 2014, respectively.

Furthermore, in opining that the plaintiff is unable to maintain competitive employment and calculating in annual wage loss, Sawyer-Little makes a number of assumptions that are

---

[1] Julie Sawyer-Little was deposed on June 28, 2017. The transcript from her deposition is not yet available. Mitchell will supplement the Court with relevant excerpts from the deposition once the transcript is available. In the meantime, Sawyer-Little's report, dated November 23, 2016, is attached hereto as Exhibit 1.

based on inaccurate information. For example, Sawyer-Little states that the plaintiff was an "electrician" prior to the accident and calculated his annual wage loss based on the average annual salary of an electrician according the statistics from the Division of Employment, NC Department of Commerce. The plaintiff, however, has never been employed as an electrician. He is an electrician's helper and cannot obtain a license as an electrician due to his status as an undocumented immigrant. As such, Sawyer-Little's opinions are unreliable.

In addition, Sawyer-Little states that the plaintiff has been employed by Hartland Resources since 2008 and was making $19 per hour (40 hours per week plus overtime). However, the only financial produced by the plaintiff in this case reveals that, in 2012, the year prior to the accident, he worked only 1102.5 hours and earned $20,988.50. Assuming a 40-hour work week, these numbers equate to approximately $10.09 per hour for the calendar year – nearly $9 less than the figures used by Sawyer-Little. For the year 2013, Sawyer-Little's figures are even more off-base. At the time of the July 26, 2013 accident, the plaintiff had worked a total of one hour and earned $17.50 for the entire year-to-date. These actual numbers are a far cry from Sawyer-Little's opinions that the plaintiff lost $42,000+ per year as an electrician. As such, Sawyer-Little's opinions are unreliable and should be excluded under Rule 702 of the Federal Rules of Evidence.

### B.    Sawyer-Little Utilized Unreliable Methods

Sawyer-Little's formulation of opinions based on unreliable data could have been avoided had she utilized any reliable methods or techniques. She arrived at her conclusions on the plaintiff's prior work history and vocational potential without interviewing his prior employers and without gathering any financial records. As mentioned, she ignores and, thus, did not interview the plaintiff's treating physicians who opined that the plaintiff was capable of

returning to work. Likewise, Sawyer-Little ignores the medical records which reveal that the plaintiff was non-compliant with his prescribed treatment. Finally, in addition to Sawyer-Little's own failures to fact check her work, her opinions were not peer-reviewed.

Had Sawyer-Little utilized any of these sources of information on the key issue of the plaintiff's vocational potential, then she potentially could have remedied the inaccuracies in her opinions. However, she did not. The "exacting standards of reliability" of expert testimony, *Weisgram v. Marley Co.*, 528 U.S. 440, 442 (2000), require "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590; *see Oglesby*, 190 F.3d at 250 ("A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods.") (emphasis in original). As such, Sawyer-Little's testimony is not the type of "reliable" expert testimony required by *Daubert* and Rule 702 and therefore will not assist the jury in understanding the facts necessary to render its decision under federal law.

**II.     Wood must be excluded because his opinions are not sufficiently reliable under Rule 702 or *Daubert* and, thus, will not assist the finder of fact.**

Oliver Wood is an economist who calculated the present value of the plaintiff's alleged total financial loss. His calculations are based entirely on the contents of Sawyer-Little's report, including the inaccurate financial data discussed above.[2] Because Sawyer-Little's opinions and calculations are unreliable and should be excluded, so, too, should the opinions of Wood which rely entirely on those opinions.

## CONCLUSION

Based upon the foregoing authorities and argument, Mitchell respectfully asks for an order excluding the plaintiff's experts, Julie Sawyer-Little and Oliver Wood.

---

[2] A copy of Oliver Wood's report is attached hereto as Exhibit 2.

s/ Phillip E. Reeves
Phillip E. Reeves (Fed. ID No. 3232)
T. David Rheney (Fed ID No. 5030)
Nicholas A. Farr (Fed. ID No. 11069)
Gallivan, White & Boyd, P.A.
Post Office Box 10589, F.S.
Greenville, South Carolina 29603
(864)271-9580

Greenville, SC                      Attorneys for Defendant,
July 7, 2017                         Mitchell Mechanical, LLC